## STATE ex MARION v INDUST. COMM.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3419. Decided Feb. 28, 1942.

Frank W. Krehbiel, Dayton, C. J. Wardlaw, Columbus, for relator.

Thomas J. Herbert, Columbus, E. C. Felker, Columbus, Thomas F. Joseph, Columbus, for respondent.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined on respondent's general demurrer to relator's petition.

The action originated in our court by relator filing a petition seeking a mandatory writ against the respondent, requiring it to grant a rehearing of his claim and to appoint a referee for the taking of testimony, etc.

The petition is rather lengthy, consisting of four or five pages of closely typewritten matter. We shall endeavor to state the substance of the petition so as to have a comprehensive idea of the issu-

able question as to whether or not it states a cause of action.

The petition starts out with certain formal allegations, which are unimportant at this time. It then alleges that on June 15, 1936, while a regular employee of the Delco Products Corporation of Dayton, Ohio, the employer being a self-insurer, relator was injured through being struck in the left chest and knocked down by a hydraulic truck handle, which caused two broken ribs, internal injuries, and sprained back, which resulted in a highly painful side and back, inability to walk without a cane, spitting up of blood, shortness of breath, loss of sleep, neurasthenia, and aggravated a pre-existing syphilitic disease.

That said employer furnished limited medical and hospital services and paid him compensation for total disability up to July 6, 1936, on which date he returned to light work and continued until August 25, 1936, when he again became totally disabled due to said injuries and has continued so disabled to date.

That in September 1936 relator filed with The Industrial Commission of Ohio his "Application for Adjustment of Claim" for the purpose of having the amount of additional compensation determined and filed medical proof in support thereof; that said application was assigned a claim number.

It is further alleged that on March 3, 1937, the respondent heard said caim and made the following order:

"It is the finding that: This day, to-wit, March 3, 1937, this claim coming on for hearing for consideration of the Application for Adjustment filed by the claimant herein, and the other proof on file, which matters being duly and fully considered by the Commis-

sion, it is the finding of the Commission that proof of record shows he has been fully and adequately compensated for any disability he may have suffered as result of injury sustained June 15, 1936.

It is a further finding that medical proof now of record shows claimant has fully recovered and is not now suffering any disability as result of said injury.

It is, therefore, ordered that claimant's Application for Adjustment filed September 1936 be and the same hereby is dismissed."

It is further alleged that within thirty days from the above order relator filed with respondent his application for rehearing, which was dismissed on April 5, 1937; that on April 29, 1937, relator requested reconsideration of said order dismissing his application for rehearing; that said application for reconsideration was dismissed on July 21, 1937.

It is further alleged that on March 10, 1939, relator filed another "Application for Adjustment of Claim," together with supporting medical proof and after complete investigation by the respondent this application was heard by respondent's Dayton District Board of Claims on October 10, 1939 which then ordered:

"This day, to-wit, October 10, 1939, this claim coming on for hearing for consideration of the Application for Adjustment filed by the claimant herein, and the other proof on file, it is the finding of the Board that claimant has recovered from the effects of the injury sustained on June 15, 1936, and has been compensated for the period of disability due to said injury.

It is a further finding that claimant's disability, of which he now and has complained, is not the re-

sult of the injury upon which this claim is based.

It is, therefore, ordered that the Application for Adjustment now pending and which was filed on March 10, 1939, be dismissed."

Within thirty days after the above order, relator filed application for rehearing, as provided by §1465-90 GC, and the employer filed an application to modify the finding by striking out the words:

"It is a further finding that claimant's disability, of which ho now and has complained, is not the result of the injury upon which this claim is based."

It is further alleged that respondent heard said claim on April 22, 1940, and then ordered:

"It is the finding of the Commission that: This day, to-wit, April 22, 1940, this claim came on for further consideration of the Application for Reconsideration of the order of the Dayton District Board of Claims entered October 10, 1939, together with the proof as it appeared of record at the time the order of said Board was entered, after consideration of same it is the order of the Commission that the order of the Dayton District Board of Claims entered October 10, 1939, be and the same hereby is vacated.

It is now the further order of the Commission that claimant be referred to Dr. Louis Mark for examination and opinion as to any disability present being the result of the injury of June 15, 1936.

In accordance with the Commission's order the claim is being referred to our Medical Department, for the necessary attention."

It is further alleged that relator was examined by Dr. Louis Mark

who submitted to the respondent a written report, filed May 27, 1940, which concluded as follows:

"Opinion — In reviewing the medical report sent to me I find that they have interpreted this case as having neuro-syphilis and that he has a history of syphilis. I could not get any such history from this man and the Wasserman test was negative. I examined this man very thoroughly but the entire examination was negative, and I couldn't find anything in the chest nor any findings suggestive of syphilis. A lumbar puncture was not done. This might be the only way of determining positively whether neuro-syphilis was present.

The medical report also states that there were fractures of the 8th and 9th ribs on the left side. The X-ray plate at present fails to show any old fracture of these ribs. I was unable to find anything wrong with this man. I can give no reason for the symptoms other than the possible neuresthenia or possible neuro-syphilis and I see no connection between the injury of June 15, 1936, and the symptoms which this man complains of at present."

It is further alleged that respondent further considered relator's claim on July 24, 1940, when it was ordered that:

"It is the finding of the Commission that: This day, to-wit, July 24, 1940, this claim coming on for further consideration of the Application for Adjustment filed March 10, 1939, together with Medical Review of report of Dr. Louis Mark, and the other proof on file, which matters being duly and fully considered by the Commission, it is the finding of the Commission from medical proof now

of record the claimant has recovered from the effects of injury sustained June 15, 1936, and has been compensated for the period of disability. There is no basis, therefore, for granting any further compensation.

It is, therefore, ordered that the Application for Adjustments filed March 10, 1939, be dismissed.

It is further ordered that fee bill, as approved, be sent to the employer for payment. (Fee Bill forwarded June 4, 1940)."

That within thirty days after receipt of notice of the said finding, relator filed another Application for Rehearing which was considered by the respondent on October 7, 1940, when it was ordered that:

"Application for Rehearing be dismissed."

The petition then alleges that by its action and order of October 7, 1940, the respondent has unlawfully refused to perform its legal duty to grant him a rehearing of his claim, as required by the provisions of §1465-90 GC, and has illegally denied and deprived him of his right to appeal his case to the Common Pleas Court. That said refusal was arbitrary, unreasonable and contrary to law and that he has no adequate remedy at law.

The legal principle here involved has been before the Ohio Courts innumerable times. At this term of our court we have no less than four cases pending involving the same principle. Counsel for claimant urge that the decisions of our courts have not been altogether uniform. We have carefully examined the many cases cited and are inclined to the view that any apparent lack of uniformity of Ohio cases is due to the different manner in which the questions arise and some dictum on the part of the court not essential to the decision of the case.

The legal principle is well recognized that certain findings and orders of The Industrial Commission are final and may not be appealed from. Likewise, certain findings and orders are reviewable. These various orders, and findings are classified as they, come under the pertinent provisions of §1465-90 GC. This section has been amended many times and it is always important to ascertain the applicable amendment. In the instant case we must be governed by the section as it existed June 30, 1936, that being the date relator's original application was filed with The Industrial Commission. **Industrial Commission v Vail, 110 Oh St 304.**

The first paragraph of the section reads as follows:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including extent of disability and amount of compensation to be paid in each claim, shall be final."

If the orders of The Industrial Commission come under classification just quoted, then claimant would have no right for a rehearing and other preliminary steps looking to an appeal. The section says that the Commission has full power and authority to determine the extent of disability and the amount to be paid, and in this respect their order is final.

The provisions of the section following relate to findings and orders that are appealable. This part of the section reads as follows:

"In all claims for compensation on account of injury, or death resulting therefrom, if the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of claimant to receive compensation or to continue to receive compensation for such reason, then claimant may within 30 days after receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim, whereupon the former action of the commission thereon shall be vacated and the commission shall fix a date for rehearing of such claim and give the claimant and his employer at least one week's prior notice therefor."

We have found in the past that some lawyers misinterpret the portion of the section last quoted, wherein it speaks of the Commission denying the right of claimant to receive compensation or to continue to receive compensation. It has been argued that the action c. the Commission discontinuing the payment of compensation was an appealable order by reason of the language of the statute just referred to. We have ██ no difficulty in determining that this is a misinterpretation of the section due to the fact that the qualifying words immediately following are lost sight of. To illustrate, we again quote "And denies the right of the claimant to receive compensation or to continue to receive compensation for such reason." (Emphasis ours.) The words "for such reason" refer to the earlier language of this paragraph:

"If the commission finds that it does not have jurisdiction of the claim, etc."

When a claim is presented, either originally or otherwise, the Commission must first determine its jurisdiction to hear ██ or consider the claim. If it determines that it does not have jurisdiction and there is a denial on jurisdictional grounds, there then exists the right to a rehearing and the other essential steps looking to an appeal to the Common Pleas Court. If the Commission determines that it does have jurisdiction, then it proceeds to determine the extent of the injury and the ██ amount to be paid to the claimant. In this field the action of the Commission is final and can not be questioned except for an abuse of discretion.

The Supreme Court of Ohio in 1934 sought to lay down a formula through which the legal principle would be definitely determined. The question in various forms had been before the court several times previously. This was the case of **State ex rel Depalo v Industrial Commission of Ohio, 128 Oh St 410.** Syllabus 3 reads as follows:

"3. A finding of the Commission within its jurisdiction, such as determination of the extent of disability or amount of award, is a final decision from which there is no appeal. And a finding of the Commission denying the right of the claimant to receive compensation, or to continue to receive compensation, because the Commission has no jurisdiction of the claim and no authority to inquire into the extent of disability or the amount of compensation, is an appealable decision."

Judge Wilkin in rendering the opinion goes at great length in at-

tempting to clarify and from his well considered opinion was formulated Syllabus 3 above quoted.

Another case in point is that of **Humphries, Appellant, v Wheeling Steel Corporation, Appellee, 132 Oh St 263.** This case again emphasizes the test to be followed in determining whether or not the finding and order of the Commission are appealable. Judge Day in rendering the opinion refers to no less than five of the previous reported cases of the Supreme Court.

The case of **Midland Steel Products v Alien, 130 Oh St 219,** is very similar in its facts to the instant case. In the reported case the Commission had taken jurisdiction of the employee's claim. Later an application for modification was filed by the employee and the Commission found "from the proof of record claimant has been adequately compensated for any disability he may have suffered as a result of the injuries sustained."

The Commission recognized the order as an appealable one. The case was carried to the Common Pleas Court, where judgment was returned in favor of the employee, and when carried to the Court of Appeals the judgment of the trial court was affirmed. On error to the Supreme Court, the Supreme Court reversed and entered final judgment.

It is obvious that in the reported case the Commission was not denying the claim because of want of jurisdiction, but rather because it was their conclusion that claimant was fully and adequately paid. The field of determining the extent of injury and amount to be paid is exclusively with the Commission, and the orders and findings thereon are not appealable.

A very recent case and in point is that of **State ex rel v Industrial Commission, 138 Oh St 439.** A reading of the text, as well as the syllabus, will show the pointed application of this case to the instant case.

In brief of counsel for relator complaint is made that the Commission through the language of its orders can and does so formulate the language as to indicate a determination of extent of disability or amount of compensation where in fact the claim is denied on the ground that the condition complained of has no connection with the original injury. We recognize that this may happen, but it has been determined that the courts will not be controlled by the exact language of the order but will look through the form into the substance in order to determine if possible the scope of the Commission's order.

After a very careful reading of the petition and applying the rules of law to which we have referred, we are constrained to the view that the action of the Commission was exclusively a determination of the extent of disability and the amount of compensation to be paid, and that the action of the Commission denying claimant's Application for Adjustment was in no sense a denial on jurisdictional grounds.

The petition in the third paragraph sets out in much detail the accident and the resultant injuries. According to the petition all these injuries manifested themselves immediately following the accident. The claim was recognized and compensation paid. There was no time that the Commission denied the claim on jurisdictional grounds. Apparently the claimant felt that he was still suffering from the effects of the injury. The Commission felt otherwise. They so expressed themselves as follows:

**156**

"From the finding of the Commission and the medical proof now of record the claimant has recovered from the effects of injuries sustained in June 1936 and has been compensated for the period of disability. There is no basis, therefore, for granting any further compensation."

Considering the petition in its entirety we are forced to the conclusion that its recital of the acts and orders of the Commission not only presents the express language of the Commission but also in fact the claim was denied on the ground that he had been fully compensated. In other words, the order was within the field in which the Commission has exclusive jurisdiction.

An action in mandamus is an extraordinary remedy and never allowed except where the right is clear.

The demurrer to the petition will be sustained. If relator desired to file an amended petition, he may do so within 20 days after the filing of entry. If relator does not desire to file further pleading, the writ will be denied and the action dismissed.

GEIGER, PJ, HORNBECK, J., concur.